IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JUSTIN RICHE**                                                                               **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:23-cv-00057-TBM-RPM**

**FORREST COUNTY JAIL, et al.**                                        **DEFENDANTS**

## ORDER SEVERING HABEAS CLAIMS

This matter is before the Court on *pro se* Plaintiff Justin Riche's pleadings. Riche is incarcerated at the Forrest County Adult Detention Center in Hattiesburg, Mississippi. He avers that the named Defendants failed to protect him from an attack by another inmate, Compl. [4], and that his right to a speedy trial has been violated, Letter [17]. For relief, Riche seeks between $10,000 and $20,000 in monetary compensation, Compl. [4] at 5, and for "all of [his] charges [to be] dismissed and [for him] to be released," Letter [17] at 1. The Court has considered and liberally construed these *pro se* pleadings. *See Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) ("[C]ourts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed.").

At this juncture, the Court finds it prudent to identify and separate the types of claims that Riche is pursuing. Habeas corpus provides the exclusive federal remedy available to a state prisoner seeking an immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Prisoners seeking monetary damages for unconstitutional conditions of confinement may proceed under 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). "If such a § 1983 complaint contains both habeas and § 1983 claims, the district court should separate the claims and decide the § 1983 claims." *Orellana*,

65 F.3d at 31 (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).

To the extent Riche seeks immediate release from incarceration, he must pursue it through a petition for writ of habeas corpus. To the extent he seeks monetary damages for unconstitutional conditions of confinement, the case may be cognizable under § 1983. Riche's habeas claims will thus be severed from this case. The Court will direct the Clerk of Court to open a new civil action for Riche's habeas claims under 28 U.S.C. § 2241. The § 1983 claims for damages will remain in this civil action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Riche's habeas claims are **SEVERED** from his claims under § 1983. The Clerk of Court shall open a new civil action under 28 U.S.C. § 2241 in the Eastern Division on Riche's habeas claims, and therein file a copy of the Complaint [1], the Motion [9] for Leave to Proceed *in forma pauperis*, the Letter [11] related to his Motion for Leave to Proceed *in forma pauperis*, and a copy of this Order. The 42 U.S.C. § 1983 claims for damages will remain in this civil action.

**SO ORDERED**, this 18th day of October, 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE