# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JUSTIN RICHE**                                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 2:23-cv-00057-TBM-RPM**

**FORREST COUNTY JAIL, et al.**                               **DEFENDANTS**

## ORDER REQUIRING PLAINTIFF TO RESPOND

*Pro se* Plaintiff Justin Riche brings this Complaint [1] and Amended Complaint [4] under 42 U.S.C. § 1983. Plaintiff is an inmate currently incarcerated at the Forrest County Adult Detention Center in Hattiesburg, Mississippi, and he names Forrest County Jail; Unknown Lewis; Major Unknown Carson; Sheriff Charlie Sims; Blaine Stensell; and Captain Unknown Henderson as Defendants. Plaintiff is proceeding *in forma pauperis*. [19]. After reviewing and liberally construing Plaintiff's Complaint [1] and Amended Complaint [4], the Court finds that more information is needed to adjudicate his claims.

To maintain an action under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. 42 U.S.C. § 1983. A detention facility is an extension of the county rather than a separate legal entity that may be named as a party to a lawsuit. *See Tuesno v. Jackson*, No. 5:08-cv-00302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (ruling that "the jail [and] sheriff's department . . . cannot be proper parties and must be dismissed with prejudice"). Thus, Plaintiff cannot maintain this civil action against the Forrest County Jail. But Plaintiff may pursue a § 1983 civil action against a governmental entity like Forrest County, Mississippi, if the injury Plaintiff received allegedly resulted from the County's unconstitutional policies, practices, or customs. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Though the Court must liberally construe a pro se litigant's pleadings, the Court must not consider unpled allegations. *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). Plaintiff will be given the chance to amend his Complaint [1]. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (finding that, if a pro se litigant can remedy insufficient factual allegations, then the Court should give him an opportunity to plead more sufficient facts).

**IT IS ORDERED** that **on or before November 1, 2023**, Plaintiff shall file a written response to answer the following questions:

1. Are you voluntarily dismissing Forrest County Jail as a Defendant?

2. Are you naming Forrest County, Mississippi, as a Defendant?

3. If you are naming Forrest County, Mississippi, as a Defendant, specifically allege which policies, practices, or customs, including dates, establish that Forrest County violated your constitutional rights.

4. Identify the person or persons who denied you medical treatment after the incident described in your Complaint. Do you wish to name this person or persons as a Defendant?

5. Who do you allege is liable for serving cold, spoiled, or inadequate portions of food at the Forrest County Adult Detention Center? Do you wish to name this person or persons as a Defendant?

6. How did Major Unknown Carson violate your constitutional rights?

7. How did Sheriff Charlie Sims violate your constitutional rights?

8. How did Blaine Stensell violate your constitutional rights?

9. How did Captain Unknown Henderson violate your constitutional rights?

Plaintiff's written response shall be filed with the Clerk of Court, 701 North Main Street, Suite 200, Hattiesburg, MS 39401. Failure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed a purposeful delay and contumacious act by

Plaintiff and may result in this lawsuit being dismissed without prejudice and without further notice.

    **SO ORDERED,** this 18th day of October, 2023.

                                        /s/ *Robert P. Myers, Jr.*
                                        ROBERT P. MYERS, JR.
                                        UNITED STATES MAGISTRATE JUDGE