IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JUSTIN RICHE**                                                                                          **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:23-cv-00057-TBM-RPM**

**FORREST COUNTY JAIL,** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL**

This matter is before the Court *sua sponte* for consideration of partial dismissal. *Pro se* Plaintiff Justin Riche is an inmate currently housed at the Forrest County Adult Detention Center ("FCADC") in Hattiesburg, Mississippi. *See* [25-2], p. 1. He filed this Complaint under 42 U.S.C. § 1983, naming (1) Forrest County Jail, (2) Kelby Lewis, (3) Major Terrell Carson, (4) Sheriff Charlie Sims, (5) Blaine Stensell, (6) Captain Evan Henderson, and (7) Forrest County, Mississippi, as Defendants. [1], p. 1; [4], pp. 1-3; [27], p. 1. Riche is proceeding *in forma pauperis*. [19], pp. 1-3. For the following reasons, the Court finds that Riche's claims against the Forrest County Jail must be dismissed with prejudice as frivolous and for failure to state a claim. At this early stage in the litigation, Riche's claims against the remaining Defendants will proceed.

**I.   BACKGROUND**

In September 2022, Riche was housed "[i]n isolation," or "protective custody," at FCADC. [4], pp. 4-5. Sometime between September 1 and September 21, [4], p. 5, Lewis (who is a correctional officer) allowed another inmate to enter Riche's cell and "do bodily harm to [him]," [1], p. 1. Riche claims that Lewis "just stood there as [he] screemed [*sic*] [for] the [other] inmate [to] get out of his cell." [4], p. 4. Allegedly, Lewis "ke[pt] his back [to Riche] and the inmate" until he completed the assault. [4], p. 4. Riche claims that "the other trustees" saw what happened and

1

"thought it was funny," and Lewis "was also smiling . . . about it." [4], p. 5.

During the attack, Riche "sustained several hard blows [to his] head," which caused blurry vision and severe headaches. [4], p. 5. He also sustained an injury to his left ear. [4], p. 5. Riche received Tylenol and triple antibiotic medication for his wounds, [4], p. 5, but he was "not brought to the hospital or compensated" for the ordeal. [4], p. 3.

Riche also claims that inmates at FCADC are served cold, spoiled, and inadequate portions of food. [7], p. 1. He claims that the "bread and some meats" are "days old" by the time they are served, and the food occasionally "taste[s] like soap." [7], p. 1. Riche also avers that he has "seen trustees washing pots [and] pans outside with a hose," which "is very unsanatary [sic]." [7], p. 1. Riche says that "medical staff and some of the decent correctional officers" are aware of these issues, but "it still seems like nothing is being done." [7], p. 1. Riche also claims that some of his legal mail is either "missing" or has been "tampered with." [12], p. 1.

Riche sued Lewis for "open[ing] [his] cell door while [he] was in protective custody," which exposed him to violence at the hands of another inmate. [25], p. 2. Riche sued Major Carson, Sheriff Sims, and Captain Henderson because they are the "direct or indirect supervisor[s]" of the people "involved in the[se] . . . events." [23], p. 2; *see also* [25], p. 2. And Riche believes that Stensell exposed "private details about [his criminal] case," leading the other inmate to attack him. [23], p. 2; *see also* [25], p. 2. Finally, Riche blames "the dietision [sic]" for his food-related claims, but he cannot provide that person's name. [25], p. 1. Nor does he specify who is responsible for allegedly tampering with inmate legal mail. *See* [12], pp. 1-2.

Riche seeks "at least" $10,000.00 in compensatory damages and for "all of [his] charges

[to be] drop[p]ed."¹ [4], p. 5. He wants "charges [to] be dropped on [his] spouse as well." [4], p. 5.

## II. DISCUSSION

Because Riche is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id*.

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quotation omitted). In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*. So long as the plaintiff "has already pleaded his best case," *Brewster*

---

¹ Habeas corpus provides the exclusive federal remedy available to a state prisoner seeking an immediate release from incarceration. *Priester v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, Riche's habeas claims were severed from his § 1983 claims, [18], pp. 1-2, and heard in a separate case, *Riche v. Forrest County Jail, et al.* No. 2:23-cv-00158-KS-MTP (S.D. Miss. Feb. 23, 2024) (Docs. 13-14).

*v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

To maintain an action under § 1983, Riche must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. The capacity of a jail to be sued is determined by state law. FED. R. CIV. P. 17(b)(3). "Under Mississippi law, a county jail is not a separate legal entity which may be sued; rather, it is an extension of the county." *Tillman v. Harrison Cnty. Adult Det. Ctr.*, No. 1:18-cv-00250-LG-RHW, 2018 WL 4839069, at *2 (S.D. Miss. Oct. 4, 2018). Moreover, the Forrest County Jail is merely a building—not a "person" subject to suit under § 1983. *Richardson v. Jackson Cnty. ADC*, No. 1:21-cv-00110-LG-RPM, 2021 WL 5510246, at *1 (S.D. Miss. Nov. 24, 2021). Thus, the Forrest County Jail must be dismissed as Defendant. *See Lang v. Forrest County Adult Det. Ctr.*, No. 2:21-cv-00081-HSO-JCG, 2021 WL 4432824, at *2 (S.D. Miss. Sept. 27, 2021) (dismissing the Forrest County Adult Detention Center as a defendant); *Tillman*, 2018 WL 4839069, at *2 (dismissing Harrison County Adult Detention Center as a defendant).

### III.   CONCLUSION

Having considered the entire record and applicable law, the Court dismisses Riche's claims against the Forrest County Jail with prejudice as frivolous and for failure to state a claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Justin Riche's claims against the Forrest County Jail are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Forrest County Jail is dismissed as Defendant, and the Clerk of Court shall terminate it as Defendant on the Court's docket.

5

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Riche's claims against Kelby Lewis; Major Terrell Carson; Sheriff Charlie Sims; Blaine Stensell; Captain Evan Henderson; and Forrest County, Mississippi, will proceed. An Order issuing Notices of Lawsuit and Requests for Waivers of Service will be issued in due course, but the Court expresses no opinion about whether Riche's remaining claims will or will not be determined to be meritorious.

**THIS, the 2nd day of May, 2024.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**