**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JUSTIN RICHIE**                                                                                          **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:23-cv-00057-TBM-RPM**

**SHERIFF CHARLIE SIMS, et al**                                                 **DEFENDANTS**

**FORREST COUNTY, MISSISSIPPI, SHERIFF CHARLIE SIMS,
MAJOR TERRELL CARSON, MAJOR EVAN HENDERSON,
AND DETECTIVE BLAINE STENSELL'S OPPOSITION
TO PLAINTIFF'S RESPONSE [25] TO ORDER [22]**

Defendants, Forrest County, Mississippi, Sheriff Charlie Sims, Major Terrell

Carson, Major Evan Henderson, and Detective Blaine Stansell (hereafter "Answering

Defendants"), by and through undersigned counsel, and submit their Opposition to

Plaintiff's Response [25] to Order [22], as follows:

**FIRST DEFENSE**

Plaintiff's Response fail to state a claim upon which any relief may be granted and,

therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiff's Response fail to state facts against answering defendants which would

rise to the level of a constitutional or statutory deprivation under the laws of the United

States, the Constitution of the United States, the laws of Mississippi, or the Constitution

of Mississippi.

### THIRD DEFENSE

Answering defendants specifically assert and invoke all the privileges available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FOURTH DEFENSE

Sheriff Charlie Sims, Major Terrell Carson, Major Evan Henderson, and Detective Blaine Stansell are entitled to qualified immunity in this matter. More specifically, Sims, Carson, Henderson, and Stansell, would affirmatively aver that Plaintiff's Response fails to allege a violation of a clearly established constitutional right and that, at all times, their conduct was objectively reasonable.

### FIFTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.,* including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

### SEVENTH DEFENSE

### ADMISSIONS AND DENIALS

And now without waiving any defenses heretofore or hereinafter set forth, answering defendants respond to Plaintiff's Response [25], paragraph by paragraph, as follows:

**REPONSE [25]**

1.     The allegations of paragraph 1 of Plaintiff's Response [25] do not require a response. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 1 of Plaintiff's Response [25], as stated.

2.     The allegations of paragraph 2 of Plaintiff's Response [25] do not require a response. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 2 of Plaintiff's Response [25], as stated.

3.     Answering defendants deny the allegations of paragraph 3 of Plaintiff's Response [25], as stated.

4.     Answering defendants deny the allegations of paragraph 4 of Plaintiff's Response [25], as stated.

5.     Answering defendants deny the allegations of paragraph 5 of Plaintiff's Response [25], as stated.

6.     Answering defendants deny the allegations of paragraph 6 of Plaintiff's Response [25], as stated.

7.     Answering defendants deny the allegations of paragraph 7 of Plaintiff's Response [25], as stated.

8.     Answering defendants deny the allegations of paragraph 8 of Plaintiff's Response [25], as stated.

9.     Answering defendants deny the allegations of paragraph 9 of Plaintiff's Response [25], as stated.

The allegations contained in the two unnumbered paragraphs following paragraph 9 of Plaintiff's Response [25] are denied, as stated.

The allegations contained in the second paragraph numbered as 1 of Plaintiff's Response [25] do not require a response. To the extent a response is deemed necessary, answering defendants deny the allegations of said paragraph, as stated.

The allegations contained in the second paragraph numbered as 2 of Plaintiff's Response [25] do not require a response. To the extent a response is deemed necessary, answering defendants deny the allegations of said paragraph, as stated.

The allegations contained in the second paragraph numbered as 3 of Plaintiff's Response [25] do not require a response. To the extent a response is deemed necessary, answering defendants deny the allegations of said paragraph, as stated.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they met or exceeded the requirements of law and due care and are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege Plaintiff's claims may be barred by, and answering affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing arbitration and award, assumption of risk, superseding and intervening cause,

contributory negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, *res judicata*, statute of limitations, statute of fraud, abstention and any other matter constituting an avoidance or affirmative defense available to answering defendants.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable.

## FOURTEENTH DEFENSE

Answering defendants would state at all times material to the allegations of the Response, their actions were in good faith without malice and within the scope and course of employment.

## FIFTEENTH DEFENSE

Any allegations contained in Plaintiff's Response, which are not specifically admitted, are hereby denied.

## SIXTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiff's Response against them, answering defendants request the same be dismissed with costs assessed against the Plaintiff.

**DATE:** **July 1, 2024.**

Respectfully submitted,

**FORREST COUNTY, MISSISSIPPI, SHERIFF CHARLIE SIMS, MAJOR TERRELL CARSON, MAJOR EVAN HENDERSON, AND DETECTIVE BLAINE STANSELL**

BY: /s/*William R. Allen*
One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
WILLIAM D. BOYD (MSB #106220)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS  39157
Tel. 601-948-5711
E-mail: will.allen@butlersnow.com
E-mail: will.boyd@butlersnow.com

7

## CERTIFICATE

I, the undersigned of Butler Snow, LLP, one of the attorneys for Defendants, Forrest County, Mississippi, Sheriff Charlie Sims, Major Terrell Carson, Major Evan Henderson, and Investigator Blaine Stansell, hereby certify that I have filed the foregoing Opposition to Plaintiff's Response [25] with the Clerk of Court via the ECF System and that I have this day mailed, postage prepaid, a true and correct copy to the following non-ECF participant:

> Justin Richie
> Forrest County Jail
> 55 Arena Drive
> Hattiesburg, MS  39401
> *Pro Se Plaintiff*

This the 1st day of July, 2024.

/s/*William R. Allen*
OF COUNSEL

88427763.v1